IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOSE CHARACTERS FROM CLEVELAND, LLC, | |
| Plaintiff, | Case No.: 21-cv-5630 |
| v. | Judge Sharon Johnson Coleman |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | |
| Defendants. | |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on THOSE CHARACTERS FROM CLEVELAND, LLC's Motion for a Preliminary Injunction, and this Court having considered the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the Defendants identified in Schedule A attached hereto (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing and/or counterfeit versions of Plaintiff's CARE BEARS Trademarks and Copyrights (the "CARE BEARS Products").

1

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has made a *prima facie* showing of trademark infringement because (1) the CARE BEARS Trademarks and Copyrights are distinctive marks and registered with the U.S. Patent and Trademark Office on the Principal Register as U.S. Trademark Registration 4,7875,19; 5,8749,43; 3,336,078; 4,602,800; 1,270,509; 1,773,296; 3,767,824; 1,773,296; 1,294,343 and 1,780,477 and copyrighted artwork protected by U.S. Copyright Reg. Nos. VA 1-824-810 and VA 1-982-408 (the "CARE BEARS Trademarks and Copyrights"), (2) Defendants are not licensed or authorized to use the CARE BEARS Trademarks and Copyrights, and (3) Defendants' use of the CARE BEARS Trademarks and Copyrights are causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with THOSE CHARACTERS FROM CLEVELAND, LLC. Furthermore, Defendants' continued and unauthorized use of the CARE BEARS Trademarks and Copyrights irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

Accordingly, this Court ORDERS that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:

    a. using Plaintiff's CARE BEARS Trademarks and Copyrights or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine CARE BEARS Product or is not authorized by Plaintiff to be sold in connection with Plaintiff's CARE BEARS Trademarks and Copyrights;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine CARE BEARS Product or other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's CARE BEARS Trademarks and Copyrights;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing Plaintiff's CARE BEARS Trademarks and Copyrights and damaging Plaintiff's goodwill;

    e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's CARE BEARS Trademarks

       and Copyrights or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof;

   f.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell Counterfeit CARE BEARS Products; and

   g.  operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's CARE BEARS Trademarks and Copyrights or any confusingly similar reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine CARE BEARS Product or is not authorized by Plaintiff to be sold in connection with Plaintiff's CARE BEARS Trademarks and Copyrights.

2.  Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that it owns and/or operates (c) their financial accounts, including all Alibaba and Amazon accounts, and (d) the steps taken by that Defendant to comply with paragraph 1, a through g, above.

3.  The domain name registries for the Defendant Domain Names, including, but not limited to, Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), Amazon.com ("Amazon"), VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business

days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiff's choosing:

    a. unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court; or

    b. disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

4. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer, Alibaba, Amazon, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the CARE BEARS Trademarks and Copyrights, including any accounts associated with the Defendants listed in Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the CARE BEARS Trademarks and Copyrights; and

    c. take all steps necessary to prevent links to the Defendant Domain Names identified in Schedule A from displaying in search results. This includes,

but is not limited to, removing links to the Defendant Domain Names from any search index.

6. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Amazon shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

   a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Amazon accounts connected to the information listed in Schedule A hereto; and

   b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8. Alibaba shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

   a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Alibaba accounts connected to the information listed in Schedule A hereto; and

   b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Plaintiff may provide notice of these proceedings to Defendants, including notice of any future hearings and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents

on a website to which the Defendant Domain Names are transferred to Plaintiff's control will redirect, or by sending an e-mail to the e-mail addresses identified in Schedule A hereto; and any e-mail addresses provided for Defendants by third parties accompanied by a link to the website where the above-identified documents are located. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

10. Plaintiff's Schedule A to the Complaint and the TRO is unsealed.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

Dated: November 19, 2021

Sharon Johnson Coleman
U.S. District Court Judge

## SCHEDULE A

| No. | Defendant Name / Alias |
|---|---|
| 1 | wangcangli Sun- 99 Store |
| 2 | wangcangli the emperor's new clothes Store |
| 3 | Wekays Accessory Store |
| 4 | Wekays Amusing Store |
| 5 | Wekays Interesting Store |
| 6 | Wekays New Creation Store |
| 7 | WHOHOLL Cloth Store |
| 8 | WHOHOLL Clothes Store |
| 9 | DongXinHaoWenJ718 |
| 10 | gaozhanbojin |
| 11 | haoyoua |
| 12 | HiSpring |
| 13 | HUOIURITR |
| 14 | iNunen |
| 15 | lishuangjiang |
| 16 | mingqilanhui |
| 17 | wuweibin55 |
| 18 | zhangbiao2021 |
| 19 | zhuobinxiaoshangpin |
| 20 | 成都卓标品订百货有限 |
| 21 | 楠双狄跨境商贸有限公司 |
| 22 | 滨城区向暖日用百货销售店 |
| 23 | 020 Nail Art Store |
| 24 | A To 9 Store |
| 25 | AHB Handcrafts Store |
| 26 | Akatsuki Store |
| 27 | Amer's Shop |
| 28 | baby lover |
| 29 | Baby Stuff Store |
| 30 | BBMChildren Store |
| 31 | Beautiful life-L Store |
| 32 | Belacan Factory Store |
| 33 | Black Dot Store |
| 34 | comic Store |
| 35 | cubbyhouse |
| 36 | DHK Decoration Store |
| 37 | FRIENDE Store |

| 38 | Fycooky Store |
|----|---------------|
| 39 | Global Toy Wholesaler Store |
| 40 | Haiyilin Store |
| 41 | hechun Store |
| 42 | himini Store |
| 43 | Instime Official Store |
| 44 | Jeniffer' s Happy Store |
| 45 | Jian Store |
| 46 | July S socks Store |
| 47 | KEEVICI Factory Store |
| 48 | LekeNis Store |
| 49 | LookThis04 Store |
| 50 | LYJ888999 Store |
| 51 | Mararin Store |
| 52 | MG Coffee sock Store |
| 53 | NIU NIU ART Store |
| 54 | OCIBOTO Art Prints Store |
| 55 | qingzi01 Store |
| 56 | SEVENTIN Official Store |
| 57 | SHAMYOY Store |
| 58 | Shantou Mili Technology Co., Ltd. |
| 59 | Shine Nail Decal Store |
| 60 | Shop3680071 Store |
| 61 | Shop5878772 Store |
| 62 | Shop910369068 Store |
| 63 | Shop910450135 Store |
| 64 | Shop910535003 Store |
| 65 | Shop911425197 Store |
| 66 | Suetown Store |
| 67 | TDLL Store |
| 68 | UddiYana Store |
| 69 | Vinyl Print Store |
| 70 | Vivia Costume Store |
| 71 | Vivid T-shirt Store |
| 72 | wangcangli Dreaming Store |
| 73 | Wekays Specialty Store |
| 74 | Wekays Store |
| 75 | Wild Berries |
| 76 | WildflowerCase Store |
| 77 | Will's Fashion Store |
| 78 | Women's Factory Store |

| 79 | WOOF PUP Store |
|---|---|
| 80 | word Store |
| 81 | WOWSOCOOL Store |
| 82 | WU YUE 2 Store |
| 83 | WWWWW Nail Art Store |
| 84 | Xiangyun Store |
| 85 | xiao bao ber Store |
| 86 | xiao xiao baby cloth Store |
| 87 | Xiaolige Store |
| 88 | XNSFSC Store |
| 89 | XunJia Store |
| 90 | Xzy beautiful Store |
| 91 | YaKe Fabric Store |
| 92 | Yang R Store |
| 93 | YangHuaiyu Store |
| 94 | YHQHYH Store |
| 95 | YiBenLun Birthday Party Store |
| 96 | Yilin 5th Store |
| 97 | Yiwu frontier department store co., LTD |
| 98 | Ymin Store |
| 99 | YOCALOR ORMIGHT Store |
| 100 | YOEMAEERRAR Store |
| 101 | YOSDA Clothes Factory Store |
| 102 | YourKith Store |
| 103 | yourtobe Store |
| 104 | youtobuy Store |
| 105 | YQIS Store |
| 106 | YUANYAN Store |
| 107 | YUKIKO Store |
| 108 | YW 57 Store |
| 109 | yyds Store |
| 110 | Zane Store |
| 111 | Zi Jie 20 Store |
| 112 | ZL Handcraft Store |
| 113 | ZUIHAOJIAJU Store |
| 114 | zuolunouba Official Store |
| 115 | ZZ clothes Store |